UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES R. FREZZELL,

                      Plaintiff,

   -against-                                                1:14-cv-0729 (LEK/ATB)

NEW YORK STATE DEPARTMENT
OF LABOR, *et al.*,

                      Defendants.

## MEMORANDUM-DECISION and ORDER

**I.**      **INTRODUCTION**

Plaintiff James Frezzell ("Plaintiff") commenced this employment discrimination action against his employer, New York State Departmant of Labor ("DOL"), as well as current and former DOL employees Sara Harms, Justin Heinbuch,[1] Heather Romano, Margaret Sheehan-Nolan, John Triller, Marty Selleck, Symone Wango, and Robert Young (collectively, "Defendants"). Dkt. No. 1 ("Complaint"). Defendants consented to allow Plaintiff to file an amended complaint. Dkt. Nos. 24 ("Text Order"); 25-1 ("Amended Complaint"). Presently before the Court is a Motion to dismiss filed by the individual Defendants on the basis of insufficient service of process. Dkt. Nos. 36 ("Motion"); 36-10 ("Memorandum"). Plaintiff filed documents in opposition on July 13, 2015, July 14, 2015, and August 20, 2015. Dkt. Nos. 37, 39, 42. Defendants filed a Reply. Dkt. No. 45. For the following reasons, Defendants' Motion is denied.

---

[1] In a text order dated September 16, 2014, the Court granted Plaintiff's request to amend the Complaint to correct the name of Defendant "Justin Heinbuck," who was originally named as "John Hemlick." Dkt. No. 13. However, according to Defendants' Motion, it appears that the correct spelling is "Justin Heinbuch." See Dkt. 36-3 ("Heinbuch Declaration").

## II. BACKGROUND

Because the Motion presently before the Court concerns the adequacy of service of process, the Court will summarize only those facts necessary for the disposition of the present Motion. Briefly stated, Plaintiff is an African-American male who was previously employed as a Local Veterans Employee Representative by the DOL. Am. Compl. ¶¶ 4, 7. Plaintiff alleges that while employed at DOL, he was repeatedly subjected to racial slurs, derogatory comments, and verbal abuse based on his race. Id. ¶ 17. Plaintiff brings claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 290, *et seq.* Id. ¶ 1.

### A. Procedural History

Plaintiff's original Complaint was filed *pro se* on June 17, 2014. Compl. Defendants filed a Motion to dismiss on October 2, 2014. Dkt. No. 16. On October 27, 2014, attorney Michael Macomber ("Macomber") filed a Notice of appearance on behalf of Plaintiff, and Plaintiff filed a Motion to amend the Complaint soon after. Dkt. Nos. 17, 20. On November 14, 2014, the Court issued an order granting Defendants' request to withdraw the Motion to dismiss and to consent to the filing of the Amended Complaint. Dkt. No. 24.

On December 31, 2013, the individual Defendants filed an Answer to the Amended Complaint, asserting that they were not properly served. Dkt. No. 26 ("Answer"). Macomber filed a request to withdraw as Plaintiff's counsel, which was granted on January 28, 2015 by United States Magistrate Judge Andrew Baxter. Dkt. Nos. 28; 29. Judge Baxter stayed the case pending the appearance of substitute counsel and instructed Plaintiff to file a status report with the Court. Dkt. No. 29. Plaintiff was unable to find counsel to represent him, and the Court lifted the stay on

2

June 3, 2015. Dkt. No. 35. On July 7, 2015, Defendants filed the Motion to dismiss presently pending before the Court. Mot. Plaintiff responded to the Motion by filing three status reports with the Court regarding his inability to obtain substitute counsel as well as his belief that Defendants were properly served. See Dkt. Nos. 37, 38, 39, 40.

**B. Service**

The Court issued Summonses to DOL on June 17, 2014 and to the individual Defendants on June 18, 2014.[2] Dkt. Nos. 2; 5. Plaintiff hired a process server, The Servinator, Inc., to serve Defendants at the DOL office building. Dkt. No. 37 at 1. On June 25, 2014, DOL employee Mary McManus ("McManus") accepted service of the Summons and Complaint on behalf of DOL in the lobby of the DOL office building. Dkt. 36-1 ("McManus Declaration") ¶ 6. McManus contends that she did not know that the papers she received along with the Summons and Complaint directed to DOL also contained Summonses directed to the individual Defendants. Id. ¶ 9. McManus is authorized to accept service on behalf of DOL; however, she contends that she is not authorized to accept service on behalf of individual employees of DOL. Id. ¶¶ 4, 5. Plaintiff has not filed proof of service with regard to any of the Defendants.

In support of their Motion, Defendants have attached affidavits from each individual Defendant, stating that they were not personally serviced with the Summons and Complaint, they did not receive service of these documents by mail, and they did not authorize anyone at DOL to accept service on their behalf. See Dkt. Nos. 36-2 to -9.

---

[2] Due to the misspelling of Heinbuch's name, a new Summons with the correct spelling was issued on October 28, 2014. Dkt. No. 37 at 1. Plaintiff received an affidavit of non-service on October 29, 2014, stating that Elina Matot, a senior attorney at DOL, refused to accept service on the basis that the agency will not accept documents addressed to an individual employee in their individual capacity. Id. at 3.

3

## III. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(5) for deficient service of process, "the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 F. App'x 202, 203 (2d Cir. 2010). The plaintiff must meet this burden by making a *prima facie* case of proper service "through specific factual allegations and any supporting materials." Kwon v. Yun, No. 05-cv-1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006). "On review of a motion challenging service of process, the court considers the parties' pleadings and affidavits in the light most favorable to the non-moving party." Gross Found., Inc. v. Goldner, No. 12 Civ. 1496, 2012 WL 6021441, at *2 (S.D.N.Y. Dec. 4, 2012) (quoting Krape v. PDK Labs Inc., 194 F.R.D. 82, 84 (S.D.N.Y. 1999)). In determining whether service was proper, "the court 'must look to matters outside the complaint' to determine what steps, if any, the plaintiff took to effect service." Flemming v. Moulton, No. 13-CV-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (quoting C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc., 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005)). "Conclusory statements alone are not sufficient to overcome a defendant's sworn affidavit that service was improper." Western Sur. Co. v. Bykev Int'l Inc., No. 14-cv-9673, 2015 WL 5146112, at *2 (S.D.N.Y. Sept. 1, 2015).

Where service is deemed to have been insufficient, "the Court has discretion to dismiss the action, but dismissal is not mandatory." Id. (quoting Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002)); see also Flemming, 2015 WL 5147035, at *3, *6 (finding that when defect was easily curable and defendants would suffer minimal prejudice from allowing plaintiff to cure, plaintiff was merely ordered to properly serve defendants within forty-five days); Macaluso v. N.Y. State Dep't of Envtl. Conservation, 115 F.R.D. 16, 20 (E.D.N.Y. 1986)

4

(retaining case and allowing plaintiff twenty days to properly serve defendants because "there is a reasonable prospect that plaintiff[s] ultimately will be able to serve defendants properly" (alteration in original)). If a complaint is dismissed, it is typically without prejudice absent unusual circumstances. Blasio v. N.Y. State Dep't of Corr. Servs., No. 04-CV-653S, 2005 WL 2133601, at *5 (W.D.N.Y. Aug. 31, 2005).

It is well established that *pro se* plaintiffs are not excused from complying with procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). However, a court is expected to "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996); accord Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 n.6 (2d Cir. 2006).

## IV. DISCUSSION

Rule 4 of the Federal Rules of Civil Procedure provides that an individual may be served either by (a) delivering a copy of the summons and complaint to the individual personally; (b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process on their behalf. FED. R. CIV. P. 4(e)(2)(A)-(C). A corporation may be served according to Rule 4(e)(1), or "by delivering a copy of the summon and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." FED. R. CIV. P. 4(h). The rules also allow for service in accordance with the law of the state where service is made or where the district court

overseeing the case is located. FED. R. CIV. P. 4(e)(1). New York's rules for service of process mirror the federal rule. Western Sur. Co., 2015 WL 5146112, at * 2; see also NEW YORK CIVIL PRACTICE § 308. Pursuant to Federal Rule of Civil Procedure 4(m), a defendant must be served within 120 days of the filing of the complaint. FED. R. CIV. P. 4(m).

Defendants contend that Plaintiff failed to effect proper service upon the individual Defendants, pursuant to Rule 4 of the Federal Rules of Civil Procedure and § 308 of the Civil Practice Law and Rules of New York. Mem. at 3. Defendants raised this defense in their Answer on December 31, 2014, thereby putting Plaintiff on notice that he had failed to properly serve the individual Defendants. Dkt. No. 26 ("Answer"). The Court agrees that Plaintiff has failed to properly serve the individual Defendants; however, the Court does not agree that dismissal is warranted. See Flemming, 2015 WL 5147035, at *2 (denying defendant's motion to dismiss for insufficient service where it was "clear that Plaintiff has attempted to comply with the service requirements, that Defendants have actual notice of this action through their receipt of the Summons and Complaint and that they will suffer little prejudice if the Court permits this action to go forward"). In the present case, Plaintiff, who is proceeding *pro se*, has attempted to comply with Rule 4, and mistakenly believed that the individual Defendants had been properly served based on McManus's acceptance of service. The individual Defendants have actual notice of this action based on their cooperation with Defendants' Motion, and DOL has been properly served. Furthermore, the Court is unaware of any prejudice that Defendants will suffer if the Court permits this action to go forward.

**V.      CONCLUSION**

Accordingly, it is hereby:

6

**ORDERED**, that Defendants' Motion (Dkt No. 36) to dismiss is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court shall reissue summonses for Defendants Sara Harms, Justin Heinbuch, Heather Romano, Margaret Sheehan-Nolan, John Triller, Marty Selleck, Symone Wango, and Robert Young and provide them to Plaintiff so that he may serve these Defendants with a summons and a copy of the Amended Complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Plaintiff shall have **forty-five (45) days** from the date of this Memorandum-Decision and Order to serve Defendants; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: February 24, 2016
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge